UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

---

BYRON STREETER #274192,

        Plaintiff,                        Case No. 2:08-cv-179

v.                                             Honorable Robert Holmes Bell

UNKNOWN WARZAK, et al.,

        Defendants.
_____/

## **OPINION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

       Plaintiff Byron Streeter #274192, an inmate at the Marquette Branch Prison, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer Unknown Warzak, Corrections Officer Unknown Karr, and Sergeant Beatrice Hursch. Plaintiff alleges in his complaint that on October 8, 2006, he was handcuffed by Defendants Warzak and Karr,

in order to be taken to the shower. Plaintiff states that because he would not refuse to take a shower, the cuffs were placed so tightly on him that his circulation was being cut off. Plaintiff complained that he was in pain and Defendant Karr laughed. Plaintiff kept complaining and Defendant Warzak grabbed Plaintiff under his left arm and the back of his neck and dragged him back into his cell. Defendant Warzak then stated, "I am going to fuck you up, you dumb nigger!" Plaintiff alleges that he later reported this incident to Defendant Hursch, who told Plaintiff that if he refused showers and stayed in his cell, he would not have any problems. Plaintiff claims that Defendants' conduct violated his rights under the First, Eighth and Fourteenth Amendments. Plaintiff seeks damages.

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants Warzak and Karr subjected him to excessive force. The court characterizes his claim as one under the Eighth Amendment, which prohibits cruel and unusual punishment. U.S. CONST., amend. VIII. An Eighth Amendment claim comprises an objective and subjective component: (1) a sufficiently grave deprivation and (2) a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rodgers v. Jabe*, 43 F.3d

1082, 1086 (6th Cir. 1995). Plaintiff must prove these elements by a preponderance of the evidence. *Brooks v. Celeste*, 39 F.3d 125, 127-128 (6th Cir. 1994). Taking Plaintiff's allegation as true, plaintiff's allegations are insufficient to state a claim because the alleged deprivation is not sufficiently grave.

Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave for an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). A de minimis use of physical force is beyond constitutional recognition, provided that the use of force is not of a sort "repugnant to mankind." *Id*. at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *see Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994), *cert. denied* 513 U.S. 1114 (1995) ("absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis). Federal courts have routinely held that a single push, shove, punch, or blow by a prison guard does not rise to the level of a constitutional violation. *Neal v. Miller*, 778 F. Supp. 378, 383-384 (W.D. Mich. 1991) (collecting cases). The same hold true even when the push or shove appears to be unnecessary. *Hampton v. Alexander*, No. 95-3457, 1996 WL 40237 (6th Cir. Jan. 31, 1996). There are no extraordinary or unusual circumstances surrounding the alleged conduct of Defendants Warzak and Karr. Plaintiff does not allege that he was injured by their actions. From his allegations, it is plain that any injury was de minimis. Thus, Plaintiff's allegations regarding the use of restraints and being dragged into his cell do not rise to the level of a constitutional deprivation.

Moreover, claims of abusive language, or of general harassment, do not state an Eighth Amendment or substantive due process violation. *Ivey v. Wilson*, 832 F.2d 950 (6th Cir. 1987);; *Ishaaq v. Compton*, 900 F. Supp. 935, 944 (W.D. Tenn., 1995); *Meadows v. Gibson*, 855 F.

Supp. 223, 225 (W.D. Tenn., 1994); *Banks v. Klapish*, 717 F. Supp. 520 (W.D. Mich. 1989); *Gilson v. Cox*, 711 F. Supp. 354 (E.D. Mich. 1989); *Rahman v. Stephenson*, 626 F. Supp. 886, 888 (W.D. Tenn. 1986).  Even the occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude.  *See*, *Torres v. County of Oakland*, 758 F.2d 147, 152 (6th Cir. 1985).

In addition, although the Sixth Circuit has held that a pattern of racial harassment involving racial slurs may violate the Equal Protection Clause.  *Knop v. Johnson*, 977 F.2d 996, 1013-14 (6th Cir. 1992), *cert. denied*, 507 U.S. 973 (1993).  However, the use of racial slurs, without harassment or some other conduct that deprives the victim of established rights, fails to state a claim for violation of the Equal Protection Clause.  *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999); *Williams v. Kaufman County*, 86 F. Supp. 2d 586, 598 (N.D. TX, Feb. 7, 2000); *Oliver v. Cuttler*, 968 F. Supp. 83, 88 (E.D. N.Y., May 24, 1997).

Finally, Plaintiff claims that Defendants' conduct violated his right to retaliation.  Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution.  *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc).  In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct.  *Thaddeus-X*, 175 F.3d at 394.  Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).  The adverse

conduct complained of in this case is the fact that Plaintiff's handcuff's were too tight. Plaintiff fails to assert that he suffered any injury as a result. Such conduct is not sufficiently adverse that it would deter a person of ordinary firmness from engaging in protected conduct.

Having conducted the review now required by the Prison Litigation Reform Act, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court dismisses this case, the court discerns no good-faith basis for an appeal. Should the plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

A judgment consistent with this Opinion will issue.


Dated: October 24, 2008                        /s/ Robert Holmes Bell
                                               ROBERT HOLMES BELL
                                               UNITED STATES DISTRICT JUDGE